# Exhibit A - Stipulated Protocol for Forensic Inspection

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
(CHARLESTON DIVISION)

| | |
|---|---|
| IHS Global Limited, and<br>IHS Global, Inc.,<br>          Plaintiffs,<br><br>v.<br><br>Trade Data Monitor, LLC,<br>C. Donald Brasher, Jr.,<br>Kristen Stein, and<br>Brigitte Stringfield,<br>          Defendants. | Case No. 2:18-cv-01025-DCN |

## STIPULATED PROTOCOL FOR FORENSIC INSPECTION

Pursuant to the Court's December 23, 2019 Order (Dkt. No. 133), Plaintiffs IHS Global Limited and IHS Global, Inc. (together, "IHS") and Defendant Donald Brasher, Jr. ("Brasher") agree to the following protocol for the inspection of the forensic image of the laptop in Brasher's possession (the "Brasher Laptop"). Plaintiffs and Brasher shall be collectively referred to as "the Parties" and each shall be referred to as "a Party."

1. The forensic inspection shall be conducted by John Akerman of Rosen Litigation Technology Consulting. Mr. Akerman's fees and expenses shall be paid 50% by IHS and 50% by Brasher. Mr. Akerman shall submit his invoices directly to the Parties.

2. Mr. Akerman shall copy the forensic image of the Brasher Laptop ("Brasher Laptop Image") that was made by Nelson Mullins Riley & Scarborough LLP on October 19, 2018. Brasher shall make the Brasher Laptop Image available for copying at the Columbia office of Nelson Mullins Riley & Scarborough LLP at a time mutually agreeable to Mr. Akerman and Nelson Mullins Riley & Scarborough LLP following the signing of this Order.

- 2 -

3. Mr. Akerman shall use his best available tools and technology to restore any deleted or archived files contained on the Brasher Laptop Image.

4. Mr. Akerman shall search all files on the Brasher Laptop Image, including existing, archived, and deleted files, based on the following search criteria. The documents identified by Mr. Akerman's search shall be referred to as "the Identified Documents."

    a. Mr. Akerman shall identify all documents on the Brasher Laptop Image that contain any of the following search terms.

- Global Trade Atlas
- GTA
- Global Trade Information Services
- GTIS
- IHS
- ANH
- Trade Data Monitor
- TDM
- Mitch
- Hahn
- Kristen
- Stein
- Brigitte
- Stringfield
- Edwards
- McNaull
- SQL

- Database
- Non-compete
- Agencia de Promocao
- Agri-Food Canada
- Agrimarkets
- ANFACER
- Aramco
- ARKEMA
- Association for Manufacturing Technology
- Barry-Callebaut
- Bryant Christie
- Business and Trade Statistics
- Capital Trade
- Cargill
- Cf Industries
- Chicken Farmers of Canada
- Christenson Farms
- CHS
- Comite Francelat
- Confederation of European Paper Industries
- Council of Economic Advisors
- Dairy Australia
- Dead Sea Works
- Defense Logistics Agency

- Dekieffer & Horgan
- DMK
- ETG
- Eucolait
- Euromilk
- European Whey Products
- Fertilizers Europe
- FIM
- Fisher International
- France Agrimer
- French Timber
- Georgetown Economic Services
- Glencore
- Agritrends
- Grunfeld Desiderio Lebowitz
- Hexion
- Highground
- Institut Francais de la Mode
- International Fertilizer Association
- International Manganese Institute
- Italian Trade Agency
- Japan Chemical Fibers Assoc
- Japan, Oil, Gas and Metals National Corp.
- Lanxess

- Left Field Commodity
- Macquarie Bank
- Marubeni Corporation
- McVean Trading and Investments
- MILEI
- Navios
- Neste Renewable Fuels
- Nexant
- NYK Lines
- OSS-DC
- Profercy
- PROMETEIA
- Revago Chemicals
- Roquette
- Saint-Gobain
- SFA Oxford
- Sierentz
- Sopexa
- SQM
- Stewart Law
- Swissmem
- Aluminum Association
- Tianlun Investment Research
- TOTAL SA

- United Nations: Food and Agricultural Organization
- Uno Trade
- Department of Agriculture
- Wiley Rein
- World Trade Organization
- BHP Billiton
- Cargill
- DA Contracts
- Engelhart
- SOUTH32
- US International Trade Commission
- Irish Food Board
- Lactalis
- Macquarie
- Touton
- Nippon
- Office of Industrial Economics
- Business France
- Interger
- Citigroup Global Markets

  b. In addition to the document identified by paragraph 4(a), Mr. Akerman shall also identify all documents on the Brasher Laptop Image, except cached browser history files, that are the following types of files:

- QuickBooks database files, including .qbw, .qbb, .qbm, and .qbo

- Act! CRM database files, including .adf
- .sql
- .cfm
- .cfc
- .class
- .htm
- .html
- .css
- .js

5.     Mr. Akerman shall identify all available information about each of the Identified Documents' usage history, including all dates the document was accessed, modified, printed, emailed, saved on the Brasher Laptop, saved on an external device connected to the Brasher Laptop, deleted, and any other available information or metadata related to the usage of the document.  Mr. Akerman shall record the usage history for each Identified Document in a Microsoft Excel Spreadsheet or other reasonably viewable format.

6.     For any database files that are Identified Documents, Mr. Akerman shall attempt to open the file on the Brasher Laptop Image and shall create a reasonably viewable version of the database file, either by exporting the database, taking screenshots of it, or utilizing another method considered appropriate by Mr. Akerman subject to approval by the Parties.

7.     Mr. Akerman shall provide a native copy of each of the Identified Documents to Defendants, the usage history for each Identified Document (per paragraph 5), and the viewable version of each Identified Document that is a database file (per paragraph 6).  Mr. Akerman shall inform IHS of the number of Identified Documents provided to Defendants.

8.  Within 21 days of the receipt of the Identified Documents from Mr. Akerman, Defendants shall identify any documents they believe are protected by the attorney-client privilege or work-product doctrine.  For all such documents, Defendants shall provide a privileged log to IHS in accordance with Federal Rule of Civil Procedure 26(b)(5).  Defendants may also identify any personal, unresponsive, and irrelevant documents, and shall provide a log to IHS describing with reasonable particularity the nature of each such document withheld.  After the 21 day privilege review period, Mr. Akerman shall provide to IHS a native copy of each of the Identified Documents for which Defendants did not assert the attorney-client privilege or work-product doctrine or withhold the document as personal, unresponsive, and irrelevant (collectively, the "Non-Withheld Identified Documents"), the usage history for each Non-Withheld Identified Document (per paragraph 5), and the viewable version of each Non-Withheld Identified Document that is a database files (per paragraph 6).  Defendants may request an extension of the 21-day privilege review period as necessary based on the number of Identified Documents.

9.  IHS shall have the right to contest any claim of attorney-client privilege or attorney-work product made by Defendants, and Defendants' withholding of any documents as personal, unresponsive, and irrelevant.  The Parties shall meet and confer regarding any challenges by IHS, and if the Parties are unable to reach an agreement, IHS may move for an order compelling disclosure of the withheld information.  When responding to the any such motion, Defendants shall be required to file the contested documents with the Court on an *in camera* basis.

10.  Each of the Non-Withheld Identified Documents provided to IHS shall be treated as Attorneys-Eyes Only pursuant to the Consent Confidentiality Order (Dkt. No. 36) for at least

21 days.  Defendants shall have 21 days to designate any such documents as Confidential or Attorneys Eyes only, after which the documents will be treated based on the designations made by Defendants.

11.     The Parties agree that the provision of the Identified Documents to IHS as contemplated by this Protocol shall not constitute any waiver of attorney client privilege or work product protections of Defendant.  It is further agreed that any inadvertent disclosure of any privileged or work product protected information shall not act as a waiver of such privilege or work product protection.  The Parties prior agreements regarding inadvertently produced documents as set forth in the Consent Confidentiality Order (ECF No. 36) and the Joint Rule 26(f)(3) Discovery Plan shall apply to the Identified Documents.

12.     Mr. Akerman shall attempt to identify each time a user of the Brasher Laptop accessed Global Trade Atlas through the website https://www.gtis.com/gta/, and shall share the results of his finding in a reasonably accessible format.

13.     Mr. Akerman shall attempt to identify each time a user of the Brasher Laptop connected the Brasher Laptop to a hard drive, thumb drive, or other electronic storage device, and for each such instance shall provide the name and type of drive or device, the date(s), the user profile, and any information concerning the transfer of any files to such drive or device.

14.     The Parties shall have the right to depose Mr. Akerman, request that he make a report of his findings, and/or call him to testify at trial.

15.     The Parties shall have the right to provide further joint instructions to Mr. Akerman by agreement or court order.

16.     Mr. Akerman shall reach out to the Parties jointly with any questions about how to implement this protocol.

17. A Party may raise any disputes concerning the implementation of this protocol by submitting a letter brief to the Court. Such disputes may include any amendments to this protocol that a Party believes are necessary, to which the opposing Parties will not consent. The opposing Parties shall have 7 days to file a response letter brief to that letter brief.

18. Following the conclusion of this matter, the Parties will instruct Mr. Akerman to purge the Brasher Laptop Image and all documents collected from the Brasher Laptop Image as well as any related reports.

Stipulated to by on January 20, 2020

NEXSEN PRUET, LLC

*s/ Cheryl D. Shoun*
Cheryl D. Shoun (Federal Bar No. 04761)
CShoun@nexsenpruet.com
205 King Street, Suite 400
PO Box 486 (Zip: 29402)
Charleston, SC 29401
Telephone: 843-720-1762

BRYAN CAVE LEIGHTON PAISNER LLP
Timothy M. Reynolds, admitted Pro Hac Vice
timothy.reynolds@bclplaw.com
1801 13th Street, Suite 300
Boulder, CO  80302
Telephone: 303-444-5955

Adam B. Stern, admitted Pro Hac Vice
adam.stern@bclplaw.com
1700 Lincoln Street, Suite 4100
Denver, CO  80203
Telephone: 303-861-7000

*Attorneys for Plaintiffs*

Stipulated to by on January 20, 2020

NELSON MULLINS RILEY & SCARBOROUGH

*s/ Adam J. Hegler*
David E. Dukes (Fed. ID No. 635)
david.dukes@nelsonmullins.com
Michael T. Cole (Federal Bar No. 206)
mike.cole@nelsonmullins.com
Cory E. Manning (Federal Bar No. 9697)
cory.manning@nelsonmullins.com
Adam J. Hegler (Federal Bar No. 11401)
adam.hegler@nelsonmullins.com
W. Jacob Henerey (Federal Bar No. 12724)
jacob.henerey@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
Tel: (803) 799-2000
Fax: (803) 256-7500

*Attorneys for Defendants*